SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**KATHERINE A. RYKKEN, CSB #267196**
Katherine.Rykken@usdoj.gov
**ANDREW T. HO, OSB #185047**
Andrew.Ho@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:25-cr-00469-IM |
| v. | **GOVERNMENT'S OMNIBUS MOTIONS IN LIMINE** |
| **ORIANA REBECCA KOROL,** | |
| **Defendant.** | |

The United States of America respectfully requests advance rulings on evidentiary and procedural issues that may arise during trial. Advance rulings will narrow the disputed issues, avoid repeated sidebars, reduce the risk of unfair prejudice and jury confusion, and permit the parties to present the evidence efficiently and in an orderly manner. The government has conferred with defense counsel concerning these motions. Defendant's position on each motion is stated below.

**Government's Omnibus Motions in Limine**                                    **Page 1**

1. **Motion to Require an Evidentiary Proffer Before Any Reference to a Claim of Self-Defense[1].**

Self-defense and defense of others are defenses to a prosecution under 18 U.S.C. § 111 only if defendant first lays an adequate evidentiary foundation.  The defendant "must" first "make a prima facie showing as to two elements: (1) a reasonable belief that the use of force was necessary to defend herself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." *United States v. Ehmer*, 87 F.4th 1073, 1131 (9th Cir. 2023) (internal quotes omitted); *see also United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012) (same, in § 111(a) case).  "If the defendant makes this threshold showing" she may present it at trial and "the burden shifts to the government to disprove the defense beyond a reasonable doubt."  *Ehmer*, 87 F.4th at 1131 (internal brackets omitted).  Reasonable belief is an "objective standard."  *Acosta-Sierra*, 690 F.3d at 1126.  "[A]n individual who is the attacker cannot make out a claim of self-defense as a justification for an assault."  *Id.; see also United States v. Urena*, 659 F.3d 903, 907 (9th Cir. 2011) (upholding district court's refusal to give a self-defense instruction in part because "the evidence was undisputed that it was [the defendant] who was the attacker, and thus he could not in those circumstances successfully urge a self defense theory").

Moreover, a defendant is entitled to an instruction on her theory of defense only when it is supported by law and has some foundation in evidence.  *United States v. Thomas*, 612 F.3d 1107, 1120 (2010); *see also United States v. Perdomo-Espana*, 522 F.3d 983, 987 (9th Cir. 2008) ("A defendant has the right to have a jury resolve disputed factual issues.  However, where the

---

[1] Defense counsel has said that he is not planning to raise a claim of defense of others in this trial.  If that changes, the government reserves the right to object to that defense being raised.

**Government's Omnibus Motions in Limine**                                    **Page 2**

evidence, even if believed, does not establish all of the elements of a defense, the trial judge need not submit the defense to the jury") (internal ellipsis omitted).  A defense theory instruction requires three showings: it (1) has some foundation in evidence, (2) has some foundation in law, and (3) is not adequately covered by other instructions in their entirety.  *Id.*  "Some foundation in evidence" requires evidence upon which the jury could rationally find for the defendant.  *Id*. at 1121.  A "mere scintilla of evidence supporting defendant's theory" is not enough.  *Id*.  The foundation may be predicated on weak, insufficient, inconsistent or incredible evidence—but must be enough for a rational inference.  *Id.*  "Some foundation in law" requires the instruction to accurately relay the law of the circuit.  *United States v. Kleinman*, 880 F.3d 1020, 1039 (9th Cir. 2017) (rejecting defendant's proposed instruction because the circuit had expressly declined to accept the definition proffered by the defendant).

Here, defendant must offer evidence and a basis in law for any proposed self-defense theory.  It is the government's position that she cannot do so, because (1) defendant's use of force was not objectively reasonable; (2) defendant's use of force was not necessary in the circumstances; and (3) defendant was not facing the immediate use of unlawful force; moreover, she was the attacker.  The video recording of the assault shows defendant physically interfering with the victim officer's arrest of another person; when the officer pushed her away, defendant fell to the ground, and then kicked the officer from the ground, causing the officer to re-engage by attempting to arrest her, during which time defendant bit the officer as he tried to move her arm to handcuff her.  The officer's initial push may have been forceful, but it was not excessive, and it was a reasonable response to the interference he was experiencing under the totality of the circumstances.  It was thus not unlawful. He took no further action with her until she kicked him.

**Government's Omnibus Motions in Limine**                                      **Page 3**

At that point, the force he used to control her, while substantial, was necessary to subdue a violent and noncompliant arrestee.  It was reasonable and not unlawful.

Unless and until defendant makes a prima facie showing otherwise, she must be precluded from presenting a self-defense theory to the jury.

Defendant's Position.  The parties have conferred and defendant opposes this motion as defendant believes she has already proffered enough proposed evidence to support a self-defense instruction and there is no reasonable basis on which to expect defendant not to introduce this evidence at trial.

**2.   Motion to Preclude References to National Immigration Policy, the Merits of ICE Operations, Political Views About Immigration Enforcement, and Related Moral or Policy Judgments.**

Under Rules 401 and 403, the Court should exclude evidence and argument concerning national immigration policy, the wisdom or morality of Immigration and Customs Enforcement operations, the merits of federal border enforcement, or any related political views.  The issues for trial are whether defendant committed the charged offense based on the evidence submitted in court, not whether jurors agree or disagree with federal immigration policy or the mission of the facility outside which the charged events occurred.

Such themes invite the jury to decide the case on emotion, ideology, or disagreement with federal policy rather than on the facts and the law.  They also risk confusing the issues and wasting time with collateral matters far removed from the elements of the offense.  The Ninth Circuit has repeatedly recognized that, although jurors possess the power to nullify, they have no right to do so, and trial courts have a duty to prevent arguments that encourage verdicts based on disagreement with the law.  *Merced v. McGrath*, 426 F.3d 1076, 1079-80 (9th Cir. 2005);

*Kleinman*, 880 F.3d at ; *United States v. Lynch*, 903 F.3d 1061, 1077-78, 1088-89 (9th Cir. 2018).

Accordingly, the government argues that the Court should preclude counsel and witnesses from referring to immigration policy, ICE's broader mission, or related political or moral objections, except to the limited extent necessary to provide neutral background context for the jury.

Defendant's Position.  The parties have conferred and defendant opposes this motion to the extent that it would render the witnesses' factual narrative unduly devoid of context. Defendant's position is that Defendant and her witnesses must be able to testify that defendant was present at the ICE building for lawful purposes, because that tends to negate any evidence that she had the *mens rea* for assault.

### 3.   Motion to Preclude Any Express or Implied Jury-Nullification Argument.

The Court should preclude any argument or evidence that expressly or implicitly asks jurors to acquit for reasons other than the evidence and the law.  That includes arguments based on sympathy, perceived unfairness of federal law enforcement, disagreement with the government's charging decision, generalized appeals to conscience untethered to the elements, or suggestions that the jury should "send a message" through its verdict.

The Ninth Circuit has made clear that courts may and should prevent nullification arguments.  *Merced*, 426 F.3d at 1079-80; *Kleinman*, 880 F.3d at 1031-32.  It has likewise condemned arguments that invite jurors to convict or acquit based on broader social consequences, community values, or extraneous policy concerns rather than the facts of the case. *See United States v. Sanchez*, 659 F.3d 1252, 1256-57 (9th Cir. 2011); *United States v. Nobari*,

574 F.3d 1065, 1076 (9th Cir. 2009); *United States v. Leon-Reyes*, 177 F.3d 816, 823-24 (9th Cir. 1999).

The government therefore requests an order barring counsel and witnesses from offering any express or implied nullification argument or evidence in voir dire, opening statement, witness examination, exhibits, or closing argument. Although defendant says she does not intend to seek nullification, the government wants to nevertheless ensure that any such argument is precluded because of the clear and significant danger of jury nullification given the nature of the charge and facts in this case.

Defendant's Position. Defendant does not intend to ask the jury to act contrary to the law, but nonetheless opposes the motion as phrased, because it sweeps so broadly as to capture some of the admissible evidence and permissible argument described in response to motion in limine number two, above.

**4.  Motion to Preclude and Limit Testimony of Certain Defense Witnesses.**

Defendant has indicated that she may call eleven witnesses to testify in her case-in-chief. Defendant has provided the government with interview memos of these witnesses. The government moves to exclude portions of their anticipated testimony as irrelevant and duplicative under Federal Rules of Evidence 401, 403, and 611(a).

Potential Percipient Witnesses

This trial concerns whether defendant assaulted Officer Perez. The entire interaction between defendant and Officer Perez takes place over the course of a couple of minutes. There

are five witnesses[2] (S.D., M.T., G.C., H.H., and J.N.) who arguably saw some portion of the interaction between federal law enforcement and defendant, prior to defendant's arrest.

S.D. stated that defendant was cornered along the fence while law enforcement arrested another individual.  M.T. also stated that he saw defendant trapped along the fence as law enforcement arrested another individual.  He also stated that he saw an officer grab defendant and did not hear any warnings or instructions directed at defendant.  The government does not seek to exclude the testimony of these two witnesses.

G.C. stated that he saw a law enforcement officer along a fence by a person on the ground, presumably Perez and defendant respectively.  He also stated that he saw defendant face down on the ground and not resisting arrest.  There is nothing in G.C.'s interview memo to suggest that G.C. either witnessed the preceding interaction between Perez and defendant when Perez is pushing defendant back, or the interaction between Perez and defendant when defendant kicks and bites Perez.  Consequently, the government seeks to exclude G.C.'s testimony as irrelevant.

H.H. stated that she asked defendant her name while defendant was on the ground and could not hear what defendant was saying.  Nothing in H.H.'s interview memo suggests that H.H. witnessed the interaction between Perez and defendant at issue in this case.  Consequently, the government seeks to exclude G.C.'s testimony as irrelevant.

J.N. stated that he saw defendant on the ground and witnessed law enforcement arrest defendant and take her into the ICE facility.  Again, like S.D. and G.C., nothing in J.N.'s

---

[2] The government uses the witnesses initials to refer to them because defendant has not yet decided whether to call these witnesses and have them testify in open court.

**Government's Omnibus Motions in Limine**                                      **Page 7**

interview memo suggests that J.N. witnessed the interaction between Perez and defendant at issue in this case.

The government seeks to exclude the testimony of G.C., H.H., and J.N. as not relevant under Federal Rule of Evidence 401 because their testimony does not go toward any facts that the jury needs to decide this case.

Witnesses Present at ICE Facility

There are five witnesses (D.C., D.B., K.H., M.M., and S.W.) who were present at the ICE facility during the incident at issue but did not witness any interactions between defendant and Officer Perez. The government seeks to exclude testimony from these witnesses under Federal Rule of Evidence 401 as not relevant because their testimony would not assist the jury in determining whether defendant assaulted Officer Perez. To the extent that any testimony is minimally relevant, it is far outweighed by the risk of unfair prejudice, confusing the issues, and misleading the jury and is inadmissible under Rule 403.

Witness Not Present

There is one witness (R.K.) who was not present at the ICE facility during the incident. The government moves to exclude this witness under Federal Rule of Evidence 401 as not relevant because this witness's testimony would not assist the jury in deciding whether defendant assaulted Officer Perez. To the extent that any testimony is minimally relevant, it is far outweighed by the risk of unfair prejudice, confusing the issues, and misleading the jury and is inadmissible under Rule 403.

For all of the witnesses, under Federal Rule of Evidence 403, the government moves to exclude extensive and narrative testimony about the band that defendant is a part of, national events, the witnesses' experience protesting outside the ICE facility in general, the protest on that

**Government's Omnibus Motions in Limine**                                          **Page 8**

particular day, and testimony unrelated to the moments immediately preceding the interaction

between defendant and Officer Perez and the interaction between defendant and Officer Perez.

While some testimony on these topics may be appropriate to provide context as to why and how

a particular witness was present for the incident in question, extensive testimony about events

unrelated to the two minute interaction between defendant and Officer Perez would risk unfair

prejudice, confuse the issues, mislead the jury, unduly delay the trial, waste time, and result in

the needless presentation of cumulative evidence.

Defendant's Position.  The parties have conferred and defendant opposes this motion and

will discuss this in defendant's trial memo.

### 5. Motion to Preclude Evidence or Argument Concerning the Government's Decision Not to Charge the Arrested Man or Other Persons.

The Court should preclude evidence and argument about why the government did or did

not charge the male arrestee involved in the initial encounter, or any other person present at the

scene.  Such matters are irrelevant to whether defendant committed the charged offense.  The

jury's task is to determine defendant's guilt or innocence based on the evidence admitted against

defendant, not to evaluate prosecutorial decisions concerning others.

Charging decisions are committed to the Executive Branch and are entitled to a

presumption of regularity.  *Wayte v. United States*, 470 U.S. 598, 607 (1985); *United States v.*

*Armstrong*, 517 U.S. 456, 464 (1996).  Allowing inquiry into why some persons were charged

and others were not would invite speculation, confuse the issues, and risk a collateral trial about

matters that do not bear on the elements of the charged offense.  It has no legitimate reason other

than to garner sympathy for jury nullification.  The Court should therefore exclude any reference

to the government's charging decisions.

**Government's Omnibus Motions in Limine**                                          **Page 9**

Defendant's Position.  The parties have conferred and defendant does not oppose this motion.

### 6.  Motion to Preclude Post-Arrest Testimony.

Under Rules 401 and 403, the Court should exclude evidence of narrative statements and irrelevant conduct occurring after defendant was arrested and the charged assault was complete, unless defendant first identifies a specific basis for admissibility.  The charge in this case concerns whether defendant assaulted a federal officer.  The jury will not be asked to decide whether, after the assault was complete, an officer spoke harshly or acted angrily.  Such evidence is not relevant.  It does not tend to prove whether defendant kicked or bit Inspector Perez during the arrest itself, and it creates a substantial risk of mini-trials about post-arrest tone, demeanor, and emotional reaction.  The Court should therefore require defendant to raise any such proposed evidence outside the presence of the jury before mentioning it in voir dire, opening statement, witness examination, or closing argument.

Under Federal Rule of Evidence 401, such facts are not relevant because they do not tend to make a material fact more or less probable.  Further, under Federal Rule of Evidence 403, any probative value such facts have is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and undue delay.  Absent some concrete link to a material issue in dispute, such post-arrest evidence would invite the jury to decide the case on sympathy, disapproval of officer demeanor, or a side dispute about events occurring after the charged assault.

Defendant's Position.  The parties have conferred and defendant does not oppose this motion but reserves the right to impeach or rebut the government's witnesses if the government's witnesses open the door to this subject matter in their direct testimony.

**Government's Omnibus Motions in Limine** **Page 10**

**7. Motion to Preclude Extrinsic Evidence of Specific Instances of Alleged Misconduct Offered Solely to Impeach a Witness's Character for Truthfulness.**

The parties do not currently anticipate that defendant will offer extrinsic evidence of specific instances of alleged misconduct by any of the witnesses. The parties have conferred and defendant would like to reserve the right to offer such evidence, in particular if evidence related to use-of-force policies becomes relevant. For that reason, the government has set forth below the basic rules about this type of evidence but does not currently request that the Court make any pre-trial rulings on this issue.

Federal Rule of Evidence 608(b) permits inquiry on cross-examination into specific instances of conduct only if they are probative of a witness's character for truthfulness or untruthfulness, and even then bars proof by extrinsic evidence when offered solely for that purpose. *See* Fed. R. Evid. 608(b); *United States v. Hinkson*, 585 F.3d 1247 (9th Cir. 2009) (en banc). Thus, if defendant seeks to impeach a government witness with alleged prior misconduct, complaints, investigations, or disciplinary matters as character-for-truthfulness evidence, defendant may not introduce documents, call additional witnesses, or otherwise use extrinsic evidence solely to prove the alleged act.

If defendant contends that a specific item is admissible on some ground other than character-for-truthfulness impeachment, defendant should first raise the matter outside the presence of the jury so the Court can determine admissibility and avoid an unfairly prejudicial mini-trial over collateral matters. *See id* at 1255-56.

Defendant's Position. The parties have conferred and defendant does not believe this issue is ripe to take a final position.

**Government's Omnibus Motions in Limine**                                      **Page 11**

8. **Motion to Preclude References to Potential Punishment.**

The Court should preclude any reference to defendant's potential punishment in voir dire, opening statement, witness examination, or closing argument. Sentencing is solely for the Court and is not a proper subject for the jury's consideration. Informing jurors about possible penalties invites verdicts based on sympathy or fear of consequences rather than on the evidence and the law. *Shannon v. United States*, 512 U.S. 573, 579 (1994); *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991). The government therefore requests that defense counsel, defendant, and all witnesses be instructed not to mention any possible sentence or collateral consequence of conviction.

Defendant's Position. The parties have conferred and defendant generally agrees with this motion except that defendant would like to argue that Ms. Korol is facing a felony conviction. The government opposes this request because it is simply a proxy for discussing the seriousness of the potential consequences if the jury is to convict Ms. Korol at trial. It invites nullification by a verdict based on disapproval of the charging decision or presumed consequences of this class of convictions, rather than on the facts and the law.

9. **Motion to Preclude Evidence or Argument Concerning Unrelated Acts of Other Protesters or Other Officers, Except for Brief and Necessary Context.**

The government anticipates that defendant may attempt to broaden the trial by introducing evidence about the conduct of other demonstrators, other arrests, or actions by officers not directly involved in the charged encounter. Except for brief neutral background necessary to orient the jury, such evidence should be excluded under Rules 401 and 403. The relevant question is what defendant did and what the involved officer did during the charged incident, not whether other persons elsewhere at the scene behaved lawfully or unlawfully. To

the extent that defendant would like to offer this evidence to corroborate the reasonableness of her belief that self-defense was necessary, the government would request an offer of proof that defendant actually saw the conduct of other demonstrators or officers on that occasion.

Permitting the parties to litigate unrelated interactions would consume time, confuse the issues, and create a substantial risk of mini-trials about collateral events. The Ninth Circuit has repeatedly recognized the district court's broad authority to limit collateral impeachment and side issues where the probative value is substantially outweighed by the risk of confusing the jury and wasting time. *See Hinkson*, 585 F.3d 1247. The Court should therefore preclude references to unrelated acts of other protesters or other officers unless defendant first demonstrates outside the presence of the jury that the specific evidence is directly relevant to a material issue in dispute

Defendant's Position. The parties have conferred and defendant opposes this as unduly limited to necessary contextual evidence.

### 10. Motion to Preclude Legal-Conclusion Testimony or Argument About Whether the Officers Acted "Lawfully," Whether Force Was "Excessive," or Whether Defendant Acted in "Self-Defense."

The Court should preclude lay or expert witnesses from offering legal conclusions about whether the officers acted "lawfully" or "illegally," whether the arrest was "lawful," whether force was "excessive" in the legal sense, or whether defendant acted in "self-defense." Witnesses may testify to what they saw, heard, did, and perceived. But applying the governing legal standards to those facts is for the Court and jury, not for witnesses.

The Ninth Circuit has repeatedly held that witnesses may not offer legal opinions or instruct the jury on the governing law. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058-60 (9th Cir. 2008); *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998,

**Government's Omnibus Motions in Limine**                                          **Page 13**

1016 (9th Cir. 2004).  Moreover, a legal opinion is not relevant, because it does not have a tendency to make a fact more or less probable.  *See* Fed. R. Evid. 401.  And it does not qualify as an expert statement because it merely provides a legal opinion.  *See e.g. Aguilar v. Int'l Longshoremen's Union Local # 10,* 966 F.2d 443 (9th Cir.1992) (holding that legal expert testimony about what the law is and how it should be applied must be excluded).  The government expects this case will involve disputed testimony about both officer and civilian conduct during a rapidly developing arrest scene.  That is precisely the kind of case in which legal-label testimony would invade the Court's role, confuse the jury, and unfairly substitute a witness's legal characterization for the jury's own application of the Court's instructions.

Accordingly, witnesses should be limited to factual descriptions, and counsel should be precluded from eliciting legal conclusions or arguing through witnesses that the officers' conduct was or was not lawful, that any use of force was or was not legally excessive, or that defendant was or was not legally justified.

Defendant's Position.  The parties have conferred and defendant opposes any limit on defendant being able to testify that she was defending her bodily integrity.  Defendant otherwise does not object to limiting testimony to factual rather than legal matters.

Dated: April 9, 2026.

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Katherine A. Rykken*
KATHERINE A. RYKKEN, CSB #267196
Assistant United States Attorney

*/s/ Andrew T. Ho*
ANDREW T. HO, OSB #185047
Assistant United States Attorney