SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**KATHERINE A. RYKKEN, CSB #267196**
Katherine.Rykken@usdoj.gov
**ANDREW T. HO, OSB #185047**
Andrew.Ho@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00469-IM** |
| **v.** | **GOVERNMENT'S TRIAL MEMORANDUM** |
| **ORIANA REBECCA KOROL,** | |
| **Defendant.** | |

The United States of America submits its trial memorandum for the trial of defendant

Oriana Rebecca Korol in accordance with the Court's Criminal Case Management Order (ECF

No. 23).

The United States respectfully requests leave to file additional memoranda as may

become appropriate before or during trial.

## I.    INTRODUCTION

On October 12, 2025, there was large crowd gathered outside the Immigration and

Customs Enforcement ("ICE") facility in Portland, Oregon.  Federal officers, including Federal

Protective Service ("FPS") Officers, were clearing the driveway of the facility to allow cars to

leave.  While clearing the driveway, Carlos Perez, an FPS Officer, was helping another officer arrest an individual in the crowd.  Defendant Oriana Rebecca Korol ("defendant") placed herself between Officer Perez and the arresting officer and individual under arrest.  When Officer Perez pushed defendant back and away from the ongoing arrest, defendant fell to the ground.  Defendant responded by kicking Officer Perez.  While Officer Perez took defendant into custody, defendant bit Officer Perez on the arm.

## II.      PROCEDURAL BACKGROUND

In November 2025, the government extended a plea offer to defendant consistent with similar cases, which plea offer has since expired.  On December 9, 2025, a grand jury returned a superseding indictment charging defendant with Assault on a Federal Officer.  A jury trial is set to begin on May 12, 2026.

## III.     FACTUAL BACKGROUND

The United States anticipates that the evidence at trial will establish the following facts, among others, beyond a reasonable doubt.

On October 12, 2025, around 5:00 pm, federal law enforcement exited the ICE facility in Portland, Oregon, to clear the driveway to allow cars to exit.  At the time, there were large numbers of protestors outside the facility.  Officer Perez was a federal law enforcement officer assigned to the ICE facility and part of the group of officers assigned to clear the driveway to allow cars to exit.  Officer Perez works for FPS, which is a federal agency assigned to protect various federal facilities around the country.  Officer Perez is not normally assigned to the ICE facility in Portland but was assigned to assist with additional protection during a time of heightened activity around the ICE facility.

In the process of clearing the driveway, Officer Perez saw another FPS Officer, Jonathan Marcum, attempting to arrest an individual. At the time, Officer Perez did not know why Officer Marcum was arresting the individual. That individual ran onto a dirt strip across from the ICE facility through a crowd with federal officers in pursuit. Officer Marcum tackled that individual to the ground while among the crowd. Officer Perez quickly ran to Officer Marcum's side to assist in the arrest, along with another federal officer. Members of the crowd began approaching and shouting at the officers. One person in the crowd began pulling the individual under arrest away from the arresting officers.

As Officer Perez held his arms outstretched and told the crowd to get back, defendant moved closer to the arrest, in between Officer Perez and Officer Marcum and the individual under arrest. Officer Perez began pushing defendant back, first with his left arm and then with both hands. Officer Perez continued pushing defendant away from the arrest of the individual and told her to get back. Officer Perez moved with defendant away from the arrest of the individual.

Another officer then dispersed pepper spray into the crowd surrounding the arrest, which included defendant. In that moment, defendant and Officer Perez were face-to-face. Officer Perez continued pushing defendant back and she fell to the ground on her back. While Officer Perez looked down at defendant, she reared back her right leg and kicked Officer Perez in the leg. As she connected with Officer Perez, he fell back. Officer Perez began to arrest defendant for the kick to his leg. After defendant rolled onto her front, Officer Perez grabbed onto her back and then reached for her arms to place handcuffs on defendant.

While Officer Perez was holding defendant down, he signaled to another officer to assist with the arrest. Defendant then pulled her arms under her body. As Officer Perez attempted to

grab defendant's arms to handcuff them, she moved her head toward Officer Perez's left arm and bit his forearm through Officer Perez's uniform. He immediately pulled his left arm out from under defendant. After a period of continued resistance from defendant, officers were able to place handcuffs on defendant.

## IV.     ELEMENTS OF THE CHARGED OFFENSE

Defendant is charged with Assault on a Federal Officer. The parties do not agree as to the elements of the offense.

Under Ninth Circuit Model Criminal Instruction No. 8.1 (2022 ed.), there are three elements:

First, the defendant forcibly assaulted a federal officer;

Second, the defendant did so while the federal officer was engaged in, or on account of his official duties; and

Third, the defendant made physical contact.

The parties also do not agree as to the elements of a potential claim of self-defense. The parties address the elements of the charged offense and self-defense in other filings.

## V.     TRIAL AND PRETRIAL FILINGS

### A.     Trial Date and Length

A three-day jury trial is set for May 12, 2026. The United States estimates that its case-in-chief, including anticipated cross examination, will last about one day.

### B.     Stipulations

The parties do not have any stipulations.

**C.      Jury Instructions, Verdict Form, and Voir Dire Questions**

The parties have filed Jointly Proposed Jury Instructions, Contested Jury Instructions, a

Jointly Proposed Verdict Form, and Jointly Proposed Voir Dire Questions.

**D.      Witnesses and Exhibits**

The United States has submitted a separate list of witnesses.  The United States has

narrowed its witness list to two witnesses in an effort to present its case-in-chief efficiently

but reserves the right to amend the list and call additional rebuttal witnesses as needed.

The parties have also filed a Joint Exhibit List and have stipulated as to the

admissibility of all but 14 exhibits, and portions of four exhibits.  The United States reserves

the right to amend the exhibit list as needed before and during trial and will continue to

confer with defense counsel to promptly bring any disputed issues to the Court's attention.

**VI.      LEGAL AND EVIDENTIARY ISSUES**

A.      Non-Hearsay Statements

The United States intends to introduce statements Officer Perez made to defendant that

are not offered for their truth, but to provide context for what defendant said or did.  Therefore,

those statements are not hearsay under Federal Rule of Evidence 801(c).  *See Baines v. Walgreen

Co.*, 863 F.3d 656, 662 (7th Cir. 2017) ("[A] command is not hearsay because it is not an

assertion of fact.") (quoting *United States v. White*, 639 F.3d 331, 337 (7th Cir. 2011)).  Officer

Perez's commands to defendant to get back are admissible because they are not offered for their

truth.  For similar reasons, Officer Perez's statements to defendant to get back may be offered for

the effect they have on the listener, *i.e.*, defendant.

**VII.   CONCLUSION**

The United States requests leave to supplement this trial memorandum as necessary.

Dated: April 9, 2026.                                 Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Katherine A. Rykken*
KATHERINE A. RYKKEN, CSB #267196
Assistant United States Attorney

*/s/ Andrew T. Ho*
ANDREW T. HO, OSB #185047
Assistant United States Attorney