Bear Wilner-Nugent, OSB #044549
Bear Wilner-Nugent, Counselor and Attorney at Law LLC
620 SW 5th Avenue, Suite 1008
Portland, Oregon 97204
Phone: (503) 351-2327
Fax: (503) 914-6665
Email: bwnlaw@gmail.com
Attorney for Defendant Oriana Rebecca Korol

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:25-CR-00469-IM |
| Plaintiff, | **DEFENDANT'S MOTIONS IN LIMINE AND MEMORANDUM OF LAW IN SUPPORT** |
| v. | |
| ORIANA REBECCA KOROL, | |
| Defendant. | |

Defendant Oriana Korol, through counsel, respectfully makes the following three motions in limine. With regard to all three motions, counsel certifies that the parties conferred in person on April 7, 2026, and by phone on April 9, and generally reached agreement on them. Because it would be helpful to cement this evident consensus for the purpose of orderly trial preparation, however, defendant nonetheless tenders the motions to the court for its decision at the pretrial conference. The common factual background to these motions in limine appears in defendant's trial memorandum.

DEFENDANT'S MOTIONS IN LIMINE AND MEMORANDUM OF LAW IN SUPPORT
– Page 1

## FIRST MOTION IN LIMINE
### (Preclude Legal Conclusions by Government Witnesses)

Defendant moves for an order precluding the use of the terms "assault" and "victim" in trial testimony by government witnesses on the grounds that they are improper legal conclusions and unfairly prejudicial. F.R.E. 403; 701. The government does not oppose this motion for trial testimony but would reserve the right to use those phrases in opening and closing. In addition, the government will do its best to avoid the use of these words during direct testimony but cannot guarantee that the witnesses will remember this limitation every time.

## SECOND MOTION IN LIMINE
### (Preclude Government Use of Inflammatory Terminology)

Defendant moves for an order precluding the use of the terms "riot," "rioters," "public disorder," "civil unrest," or "insurrection" in trial testimony by government witnesses or in argument by government counsel, on the grounds that they are improper legal conclusions and unfairly prejudicial. F.R.E. 403; 701. The government does not oppose this motion.

## THIRD MOTION IN LIMINE
### (Prohibit References to Unrelated Criminal Allegations)

Defendant moves for an order prohibiting the government from eliciting testimony concerning alleged crimes committed by protestors at the Portland ICE building (a) away from the scene of defendant's arrest on October 12, 2025 or (b) on other dates and times. Defendant makes this motion on the ground that such evidence is irrelevant and unfairly prejudicial. F.R.E. 403; 701. The government does not oppose this motion.

**COMBINED ARGUMENT**

Defendant combines her argument in support of these motions because they share a common legal core.

The government and its witnesses should not be permitted to use inflammatory language that is (1) a legal conclusion or (2) unfairly prejudicial. Specifically, the government and its witnesses should not be able to describe the incident as an "assault" or Officer Carlos Perez as a "victim." The defense excludes from this request references used in the opening statement and closing argument to describe the alleged crime. "[U]se of the term 'victim' is argumentative, presupposes a crime, and carries a risk of prejudice." *United States v. Gaviola*, No. 1:22-CR-00233 JLT SKO, 2025 WL 2718763, at *6 (E.D. Cal. Sept. 24, 2025) (granting motion to preclude references "to MV as 'victim'" outside of opening and closing statements, and directing that the government "discuss this ruling with any witnesses they intend to call to testify so that they understand they are not to refer to MV as the 'victim'").

Similarly, description by the witnesses or government counsel of the incident as an "assault" presupposes a crime occurred, and invades the province of the court, whose instructions on the law regarding the definition of "assault" are paramount. *See United States v. Henery*, No. 1:14-CR-00088-BLW, 2015 WL 409684, at *5 (D. Idaho Jan. 29, 2015) (granting motion to preclude "detectives' opinion testimony that a hate crime occurred"). Thus, witnesses should not be permitted to state that "Ms. Korol assaulted Officer Perez," or any similar characterizations. Such statements are unfairly prejudicial, improper legal conclusions, and cause juror confusion.

In addition, the defense moves to preclude statements describing those present on October 12, 2025 as "rioters," or describing the gathering that day as "civil unrest,"

"insurrection," "public disorder," or similar terms. There is no evidence that any riot, civil unrest, insurrection, or public disorder was ongoing at the time of Ms. Korol's arrest. There was a large but peaceful protest in the area around the ICE building. These objectionable terms would tend to inflame the passions of the jury against Ms. Korol. They are improper under Rule 403 and should be excluded.

The jury will and should hear testimony about Ms. Korol's alleged conduct and the nearby conduct of a male arrestee described in Ms. Korol's factual summary, in the trial memorandum. The latter is necessary to give a full factual account of the former. But the government, and its witnesses, must be precluded from introducing evidence concerning actions by others at a greater remove.

In particular, the defense has a substantial concern — based on the government's actions in prior similar cases around the country — that the government will attempt to offer evidence regarding the protests writ large, the actions by protestors on other dates and times, and specifically criminal actions taken by others, such as vandalism, destruction of property, or graffitiing. There is no dispute that Ms. Korol did none of these alleged criminal acts, nor is there any evidence that Ms. Korol played any significant role at any other particular protest, other than the one on October 12. The actions by others are irrelevant to the sole count charged in this case, and are unfairly prejudicial to Ms. Korol, as they are designed to link him to the illegal or ill-mannered actions of others.

The government must be precluded from turning this trial into a referendum on protests writ large, as opposed to the narrow charge concerning their actions on October 12. *Cf. M.H. v. County of Alameda*, No. 11-CV-02868-JST, 2015 WL 894758, at *9 (N.D. Cal. Jan. 2, 2015) (in a police brutality case, prohibiting the reference to specific other instances of alleged police

brutality, such as the Eric Garner or Michael Brown incidents, which received widespread media attention); *Rambus v. Jenkins*, No. 92 C 7284, 1993 WL 210546, at *2 (N.D. Ill. June 11, 1993) (in a civil rights case, prohibiting the reference to the recent Rodney King beating and trial because it would be "extremely prejudicial and inflammatory"). The defense requests that this trial be focused on Ms. Korol, a musician performing at the October 12 protest, and law enforcement officers' interactions with her. It should not be focused on the actions of protestors writ large, the criminal conduct potentially undertaken by other protestors at other times, or the actions taken by protestors that are not Ms. Korol.

## CONCLUSION

For the foregoing reasons, the court should grant defendant's motions in limine.

Dated: April 9, 2026

Respectfully submitted,

/s/ Bear Wilner-Nugent
Bear Wilner-Nugent, OSB #044549
Attorney for Defendant Oriana Rebecca Korol

**CERTIFICATE OF SERVICE**

       I hereby certify that, I served the foregoing DEFENDANT'S MOTIONS IN LIMINE AND MEMORANDUM OF LAW IN SUPPORT on Andrew T. Ho and Katherine A. Rykken, Esqs., attorneys for plaintiff United States of America, via CM/ECF on April 9, 2026. I further certify that Mr. Ho and Ms. Rykken are registered CM/ECF users.

       Dated: April 9, 2026

                    Respectfully submitted,

                    /s/ Bear Wilner-Nugent
                    Bear Wilner-Nugent, OSB #044549
                    Attorney for Defendant Oriana Rebecca Korol