Bear Wilner-Nugent, OSB #044549
Bear Wilner-Nugent, Counselor and Attorney at Law LLC
620 SW 5th Avenue, Suite 1008
Portland, Oregon 97204
Phone: (503) 351-2327
Fax: (503) 914-6665
Email: bwnlaw@gmail.com
Attorney for Defendant Oriana Rebecca Korol

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:25-CR-00469-IM |
| Government, | **DEFENDANT'S RESPONSES TO GOVERNMENT'S MOTIONS IN LIMINE** |
| v. | |
| ORIANA REBECCA KOROL, | |
| Defendant. | |

Defendant Oriana Korol, through counsel, respectfully opposes and responds to the

government's motions in limine as follows.

1.  **Motion to Require Evidentiary Proffer Before Any Reference to a Claim of Self-Defense**

Defendant opposes the government's motion for an order restraining defendant from

offering a self-defense theory or making reference to self-defense matters more generally until

she makes a prima facie evidentiary showing. The government's proposed order is impermissibly

DEFENDANT'S RESPONSES TO GOVERNMENT'S MOTIONS IN LIMINE – Page 1

restrictive and would hinder defendant from being able to lay out her case to the jury, particularly during her opening statement and at the outset of her case in chief. Defendant has also already identified sufficient admissible evidence to support a prima facie self-defense claim. Accordingly, the court should decline to require any additional showing or issue an order restricting defendant's ability to make out a self-defense case.[1]

A defendant is entitled to a self-defense instruction when "there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent or of doubtful credibility." *United States v. Sanchez-Lima*, 161 F.3d 545, 549 (9th Cir. 1998). "The prima facie burden [to raise a theory of self-defense] is not a high one." *Id.* While this prima facie case is necessary to shift the burden for disproving self-defense onto the government, there is no particularized requirement that the defense must make out a case before any mention of a self-defense claim is allowed.

The government cites *United States v. Ehmer*, 87 F.4th 1073 (9th Cir. 2023) and *United States v. Acosta-Sierra*, 690 F.3d 1111 (9th Cir. 2012) for the proposition that defendant must make a prima facie showing as to two elements of self-defense, but neither of those cases explicitly require or even contemplate that defendant must first make an evidentiary proffer before being able to broach the subject of self-defense. Instead, *Ehmer* merely indicates that, in order to raise a defense of self-defense, a defendant must make a prima facie showing of the two necessary elements before the burden shifts to the government. *Ehmer*, 87 F.4th at 1131. There is no statement that those elements must be raised in advance, that a defendant cannot talk about their intent to raise a self-defense claim before the elements are raised, or that a formal proffer is

---

[1] Defendant notes that she has provided the court with general information about the legal contours of a self-defense claim in her trial memorandum. She will not repeat much of that material here but incorporates it by reference.

DEFENDANT'S RESPONSES TO GOVERNMENT'S MOTIONS IN LIMINE – Page 2

required to satisfy the prima facie showing requirement. The government overstretches these decisions to demand more than is required of defendant in this circumstance.

Next, the government claims that defendant's self-defense theory is impermissible because it is not grounded in evidence and lacks a basis in law. It takes the position that defendant's possible use of force was not reasonable, necessary, or undertaken in the face of an immediate use of unlawful force. These are questions for the jury, though, and are not appropriate for advance determination by the court sitting in a non-factfinder role. Defendant must only produce sufficient evidence that could allow a reasonable jury to find in her favor. *See United States v. Houston*, 648 F.3d 806, 816 (9th Cir. 2011). Once that very low bar is met, the burden shifts to the government to disprove the self-defense claim. *See United States v. Pierre*, 254 F.3d 872, 876 (9th Cir. 2001); 9th Circuit Model Jury Instructions 5.10 (self-defense); *Sanchez-Lima*, 161 F.3d at 549.

At trial, defendant will argue that she was part of a peaceful protest outside the Portland ICE headquarters, that officers charged into the middle of defendant's band, crashed into defendant, threw her to the ground, blinded her with pepper spray, and forced her face-down into the mud and gravel. There is more than enough evidence for a reasonable jury to find that defendant's use of force was a limited and reasonable response to this undertaking, was necessary to defend herself against excessive force deployed by the officers, and was deployed against the immediate and unlawful force used against her. Accordingly, she will easily be able to clear the minimal foundational hurdle to asserting a self-defense claim.

The government's motion is also premature, because the proper time to determine whether to give a self-defense jury instruction is after the close of defendant's case-in-chief, when all evidence has been received and can be evaluated by the court. In the event that no

DEFENDANT'S RESPONSES TO GOVERNMENT'S MOTIONS IN LIMINE – Page 3

reasonable jury could find that defendant acted in self-defense, the court would be properly empowered to decline to issue the self-defense jury instruction, but that decision can only occur after all evidence is received and the defense case has rested. Making any ruling on the issue before trial would be premature.

2.  **Motion to Preclude References to National Immigration Policy, the Merits of ICE Operations, Political Views About Immigration Enforcement, and Related Moral or Policy Judgments**

Defendant also opposes the government's motion to preclude any reference to national immigration policy or enforcement as being unduly restrictive and unnecessary in light of settled legal principles about jury nullification and improper argument to the jury. The government cites a concern that jurors will decide this case on improper bases if topics such as immigration policy or other political issues are broached. Defendant believes that defense witnesses must be permitted to testify that they were at the ICE headquarters protest on the day of the incident for the lawful purpose of exercising their First Amendment rights of assembly, speech, and petition for redress of grievances. Introducing evidence to support this fact will permit defendant to argue that she was present at the demonstration for a peaceful purpose and that she lacked the mens rea for assault.

The government's motion seeks to strip badly needed context from defendant's case. If the motion is granted, defendant and allied defense witnesses could not describe the purpose of defendant's band, defendant's presence at the ICE headquarters protest, or the reasoning behind many of defendant's actions. Defendant's actions cannot be divorced from her purpose in attending the protest or her intent to peacefully demonstrate government policy while there.

Defendant acknowledges that arguments to acquit based on passion about the

DEFENDANT'S RESPONSES TO GOVERNMENT'S MOTIONS IN LIMINE – Page 4

government's immigration policies are inappropriate, but she believes that the court is already well-empowered to address any such argument if it should arise. The court's inherent power to exclude improper testimony under Federal Rules of Evidence 401 and 403 gives it ample leeway to prevent improper witness testimony or argument in the event it might arise. Issuing a blanket ban against any mention of immigration policy or political issues unduly penalizes appropriate, non-prejudicial defense testimony about the circumstances surrounding defendant's participation in the ICE headquarters protest while not offering any additional protection beyond the court's existing authority to regulate the admission of evidence at trial. Accordingly, the motion should be denied.

### 3.  Motion to Preclude Any Express or Implied Jury-Nullification Argument

The government's motion requests an order prohibiting any argument or evidence that expressly or implicitly could suggest jury nullification. While defendant acknowledges that advocating for jury nullification is improper, the order the government seeks is overbroad and unnecessary. If granted, it would lead to the exclusion of otherwise admissible evidence and limit the defense's ability to present portions of its case without clear benefit.

Advocacy designed to encourage jurors to disregard their legal duties is already prohibited by the Federal Rules of Evidence and existing law. Defendant's case is not a referendum on federal immigration policy, and she does not intend to make arguments about the status of American policy or ask the jury to acquit because they disagree with the current political situation. Defendant intends to present admissible evidence about the sequence of events, the force used, and defendant's experience and reaction to that force. All of this evidence is directly relevant and presenting it is critical for vindicating defendant's constitutional rights to due process and a fair trial.

DEFENDANT'S RESPONSES TO GOVERNMENT'S MOTIONS IN LIMINE – Page 5

Courts have wide latitude to control the admission or exclusion of evidence and argument with the goal of ensuring that trials are conducted fairly and appropriately in accordance with the law. Federal Rule of Evidence 402 permits the exclusion of irrelevant evidence and Rule 403 allows evidence to be excluded if its probative value is substantially outweighed by its risk of prejudice. These rules permit the court to exclude improper nullification arguments if they arise without a separate and freestanding order to that effect.

The court is not required to issue a blanket order targeting nullification arguments, and many courts in this circuit have refused to issue preemptive orders when requested. Courts have ruled that nullification "arguments are indeed improper but require no special order to enforce." *Gresham v. Petro Stopping Centers, LP* 2011 WL 1748569, at *5 (D. Nev. Apr. 25, 2011). A pretrial order is also premature. The parties have not set forth their arguments and evidence, leaving the potential existence of any nullification argument speculative at best. In *United States v. King*, the court declined to issue a nullification order because "the precise nature of [the evidence] is unclear, and a ruling would be premature," 2009 WL 1045885, at *3 (D. Idaho Apr. 17, 2009). Instead, the court stated that it would exclude irrelevant evidence and argument if it arose at trial. That is the approach that the court should follow in this case.

A blanket prohibition on nullification evidence sweeps too broadly and represents an overly restrictive approach toward solving a problem that already has an established solution. Defendant will not advocate for the jury to acquit because of its beliefs on immigration enforcement or other improper reasons and would fully expect the court to act if any such improper argument or evidence were to be elicited. Accordingly, defendant believes a preemptive order on nullification evidence is not warranted or needed.

DEFENDANT'S RESPONSES TO GOVERNMENT'S MOTIONS IN LIMINE – Page 6

### 4. Motion to Preclude and Limit Testimony of Certain Defense Witnesses

The government next seeks an order limiting the testimony of certain defense witnesses because their testimony may allegedly be irrelevant or duplicative. Each of the witnesses defendant may call has their own unique and independent perspective on the events of the day in question and each should be able to share testimony about what they perceived and experienced during the incidents leading to defendant's arrest. The court should decline to limit defendant's ability to put on her defense case by preemptively excluding this testimony.

The government divides defendant's potential percipient witnesses between those who witnessed some portion of the incident involving defendant and Officer Perez and those who did not. Of those who witnessed the incident, the government objects to the testimony of George Collins, Heather Huson, and Jon Norstog on the grounds that their witness statements do not suggest that they witnessed the portion of the incident where Officer Perez dove into the crowd, pushed defendant, and was allegedly kicked and bitten. Defendant intends to elicit testimony from Mr. Collins, Ms. Huson, and Mr. Norstog showing that the crowd of protesters she was surrounded by were peaceful and not attempting to incite a police use of force, a fact which tends to establish a lack of mens rea to assault. She will also inquire about the level of force used by the officers before and during the incident with Officer Perez, which is relevant to defendant's self-defense claim. Finally, defendant's lack of resistance when she was face-down is relevant to show that any potential body contact was accidental or caused only by bodily imperative, as opposed to an intent to assault.

The government next objects to the testimony of Dani Cairns, Dean Boudouris, Kathryn Hutchison, Marcus Martinez, and Sofia Westcott, who were all present at the ICE facility but did not witness the entirety of the interaction between Officer Perez and defendant. Their testimony

DEFENDANT'S RESPONSES TO GOVERNMENT'S MOTIONS IN LIMINE – Page 7

is nonetheless relevant because they can contextualize and describe that day's protest, the dynamics of the crowd and defendant's band, and the actions and use of force displayed by police officers who were present. Because defendant intends to advance a self-defense claim, evidence about police use of force and the level of force used is directly relevant to her claim of defense against unlawful or excessive force.

Finally, the government seeks to exclude the testimony of Rhonda Korol, defendant's mother, who would testify that defendant and her partner left their minor child with her in order to attend the protest and that defendant planned to return at an early and child-appropriate hour to reunite the family and have dinner. This testimony would provide independent corroboration of defendant's intent to peacefully attend the protest and support her contention that she did not have a preexisting intent to assault an officer or to be arrested at the protest.

In general, defendant is entitled to present a complete and comprehensive defense to the charge against her. This includes evidence about the peaceful purpose for her presence at the protest, her experience playing with her bandmates, and her state of mind and intent. The government's attempts to restrict the defense case to merely the two-minute interaction between defendant and Officer Perez artificially limits and penalizes defendant, depriving her of her ability to fairly and comprehensively present her case to the jury.

5. **Motion to Preclude Evidence or Argument Concerning the Government's Decision Not to Charge the Arrested Man or Other Persons**

Defendant does not oppose this motion or intend to elicit testimony about any *charging* decision for Mr. Martinez, the male protestor arrested alongside defendant. Defendant will, however, elicit testimony and introduce video and photographic evidence showing how officers inappropriately and unnecessarily swept defendant up in their effort to *arrest* Mr. Martinez.

DEFENDANT'S RESPONSES TO GOVERNMENT'S MOTIONS IN LIMINE – Page 8

**6.  Motion to Preclude Post-Arrest Testimony**

Defendant does not oppose the government's motion to preclude testimony about events which occurred after her arrest by federal officers, but notes that it is quite possible that government witnesses may open the door to this subject by offering testimony about those events during direct examination. In the event that a witness does testify about any such post-arrest event, basic fairness principles and the opening-the-door doctrine should permit defendant to cross-examine those witnesses about any post-arrest issues they mention, impeach the witness, or offer other rebuttal evidence as appropriate without specifically raising those issues for the court outside the presence of the jury.

**7.  Motion to Preclude Extrinsic Evidence of Specific Instances of Alleged Misconduct Offered Solely to Impeach a Witness's Character for Truthfulness**

Defendant does not presently intend to offer extrinsic evidence of specific instances of alleged misconduct but would respectfully wish to reserve the right to offer such evidence if it becomes relevant at trial. Defendant acknowledges Federal Rule of Evidence 608(b) but notes that some pertinent cross-examination in this case may yet be permitted by that rule. Because it is not clear whether this issue will arise at trial, defendant believes no specific judicial action on this issue is required at this time.

**8.  Motion to Preclude References to Potential Punishment.**

Defendant generally does not oppose the government's motion to preclude references to potential criminal punishment but believes that it is appropriate for her to offer argument indicating that she is charged with a felony crime. The severity of defendant's charge is a basic component of her case and is directly relevant to the elements of the offense, as the government

is required to prove that defendant made physical contact with Officer Perez in order to sustain a felony conviction under 18 U.S.C. §111.

While it is not the jury's function to consider punishment for a given offense, defendant believes that a bare reference to the charge as a felony-level offense is not prejudicial and will not invite jury nullification or a verdict based on sympathy for her. It is lawful and important for a party to be able to impress upon the factfinder that they are making a serious decision with real consequences; this helps foster meaningful deliberation. The court should also consider the parties' jointly requested jury instruction 6.22, which specifically forbids the jury's consideration of defendant's potential punishment when deliberating. Defendant believes this instruction is sufficient to ensure that the jury will properly discharge its duties in this case.

9. **Motion to Preclude Evidence or Argument Concerning Unrelated Acts of Other Protesters or Other Officers, Except for Brief and Necessary Context**

Defendant opposes the government's motion to preclude most evidence or argument concerning acts of other demonstrators or officers present at the ICE headquarters protest during the incident involving defendant and Officer Perez because it will deprive the jury of vital information about the events giving rise to defendant's arrest and unduly impinge on defendant's ability to explain how and why she reacted to those events. Put simply, Officer Perez's contact with defendant did not occur in a vacuum. It took place during the culmination of a heated and sometimes chaotic protest following a major use of police force aimed at other demonstrators nearby defendant. Defendant cannot adequately explain her mental state or her intent without offering evidence from several sources about the back-and-forth actions of protesters and law enforcement which took place around her. Likewise, she cannot create a factual question about the reasonableness and necessity of any use of force in self-defense without evidence both from

herself and others regarding the actions of and use of force by a number of police officers in addition to Officer Perez.

The government's motion attempts to artificially limit the trial evidence to the bare interaction between Officer Perez and defendant, but understanding the actions of other demonstrators and particularly other police officers is crucial for defendant's case because defendant's perceptions of, and reactions to, all of the on-scene actors must be considered when evaluating her defense claims. Defendant saw and experienced the use of force from several different officers, and she should be allowed to present evidence about how each officer's actions collectively influenced her understanding of the immediate situation leading up to her arrest. As always, the court maintains its inherent authority to exclude duplicative or irrelevant evidence at trial, and it should elect to reserve such judgments until the actual presentation of the defense case-in-chief.

**10. Motion to Preclude Legal-Conclusion Testimony or Argument About Whether the Officers Acted "Lawfully," Whether Force Was "Excessive," or Whether Defendant Acted in "Self-Defense."**

Defendant does not intend to offer argument or elicit testimony that would constitute a legal conclusion, but objects to the government's motion to the extent that defendant should be permitted to testify that her actions were undertaken to preserve her bodily integrity. Defendant has a constitutional right to testify in her own defense and needs to present evidence supporting her self-defense theory. In addition, offering testimony that defendant acted to protect her bodily integrity is not a legal conclusion in the way as labeling her actions "self-defense" would be. Accordingly, defendant should be allowed to present testimony on that issue.

Defendant possesses Fifth and Sixth Amendment rights to testify in her defense at trial. *See Rock v. Arkansas,* 483 U.S. 44, 49–53, 107 S. Ct. 2704, 97 L. Ed. 2d 37 (1987). Whether to testify "is an important tactical decision as well as a matter of constitutional right." *Brooks v. Tennessee*, 406 U.S. 605, 612, 92 S. Ct. 1891, 32 L. Ed. 2d 358 (1972). Defendant's ability to present a complete defense to the charges against her necessitates that she be permitted to describe her mental state, intentions, and perceptions of the actions and actors involved. She is the only source of information about her own internal experience of the events leading up to her arrest. Defendant needs to introduce evidence of the reasonableness of her apprehension about the officers' use of force in order to be able to argue that any use of force in her defense was necessary to protect her body from excessive and therefore unlawful use of force by Officer Perez and other law enforcement agents.

Permitting defendant to testify that her actions were intended to protect herself from excessive police force is not a legal conclusion in the sense identified in the government's motion in limine. While labeling defendant's actions as self-defense does invite a legal conclusion, defendant's testimony that she acted to protect her bodily integrity does not. Instead, it merely describes defendant's intentions and own views of her actions, which are necessary to understand and contextualize her behavior during the interaction with Officer Perez.

Defendant would also note that, to the extent she is restrained from offering evidence or argument about legal conclusions like the lawfulness of her conduct or whether an officer's force is excessive, the government and its witnesses should also be prevented from offering similar testimony. It would be fundamentally unfair to allow officers to describe their conduct as lawful, proportionate, or legally justified if defendant were not allowed to offer similar testimony. Should the court enter any order about offering legal conclusion testimony, defendant

DEFENDANT'S RESPONSES TO GOVERNMENT'S MOTIONS IN LIMINE – Page 12

respectfully requests that the court order it to apply to both government and defense witnesses equally.

**CONCLUSION**

For all the foregoing reasons, the court should sustain defendant's objections to the government's motions in limine.

Dated: April 16, 2026

Respectfully submitted,

/s/ Bear Wilner-Nugent
Bear Wilner-Nugent, OSB #044549
Attorney for Defendant Oriana Rebecca Korol

DEFENDANT'S RESPONSES TO GOVERNMENT'S MOTIONS IN LIMINE – Page 13

**CERTIFICATE OF SERVICE**

I hereby certify that, I served the foregoing DEFENDANT'S RESPONSES TO GOVERNMENT'S MOTIONS IN LIMINE on Assistant United States Attorneys Andrew T. Ho and Katherine A. Rykken, Esqs., attorneys for plaintiff, via CM/ECF on April 16, 2026. I further certify that Mr. Ho and Ms. Rykken are registered CM/ECF users.


Dated: April 16, 2026


Respectfully submitted,

/s/ Bear Wilner-Nugent
Bear Wilner-Nugent, OSB #044549
Attorney for Defendant Oriana Rebecca Korol

CERTIFICATE OF SERVICE