**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 3:25-cr-00469-IM |
| v. | **ORDER RE PRETRIAL CONFERENCE RULINGS** |
| **ORIANA REBECCA KOROL**, | |
| Defendant. | |

**IMMERGUT, District Judge.**

For the reasons set forth on the record at the Pretrial Conference on April 30, 2026, ECF 54, and the reasons stated below, this Court resolves as follows the parties' motions in limine, ECF 42, 50, proposed witnesses, ECF 41, 51, proposed exhibits, ECF 46, proposed jury instructions, ECF 44, voir dire questions, ECF 48, verdict form, ECF 47, and miscellaneous issues raised in the parties' trial memoranda, ECF 43, 49.

PAGE 1 – ORDER RE PRETRIAL CONFERENCE RULINGS

**MOTIONS IN LIMINE**

**A.  Government's Motions in Limine**

**1.  MIL 1: Preclude Self-Defense Theory**

RESERVE RULING. The government moves to preclude Korol from presenting a theory of self-defense at trial. *Id.* at 2–4. To present her self-defense theory, Korol must show that the theory "is supported by law and has some foundation in the evidence." *United States v. Ehmer*, 87 F.4th 1073, 1130 (9th Cir. 2023) (citation modified). While "a mere scintilla of evidence supporting the defendant's theory is not sufficient," a defendant is "entitled" to present her theory "even if her evidence is weak, insufficient, inconsistent, or of doubtful credibility." *United States v. Thomas*, 612 F.3d 1107, 1121 (9th Cir. 2010) (citation modified). To raise self-defense, a defendant "must make a prima facie showing as to two elements: (1) a reasonable belief that the use of force was necessary to defend [her]self or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances." *Ehmer*, 87 F.4th at 1131 (citation modified).

This Court finds that the video and screenshot evidence standing alone is insufficient to satisfy Korol's burden of making a prima facie showing of self-defense. However, the testimony presented at trial may allow Korol to make such a showing, and therefore, this Court reserves ruling on this Motion until the close of evidence at trial.

**2.  MIL 2: Preclude References to Immigration Issues**

GRANTED. The government seeks to exclude "evidence and argument concerning national immigration policy, the wisdom or morality of [ICE] operations, the merits of federal border enforcement, or any related political views" under Federal Rules of Evidence 401 and 403. Gov't Mtn. in Limine, ECF 42 at 4–5. Any evidence concerning broader immigration issues

PAGE 2 – ORDER RE PRETRIAL CONFERENCE RULINGS

is either irrelevant under Rule 401 or substantially outweighed by the danger of undue prejudice to the government, confusing the jury, and wasting time under Rule 403.

### 3.  MIL 3: Preclude Jury-Nullification Arguments

GRANTED. The government requests that this Court preclude "any argument or evidence that expressly or implicitly asks jurors to acquit for reasons other than the evidence and the law." *Id.* at 5. Korol responds that she "does not intend to ask the jury to act contrary to the law." *Id.* at 6.

### 4.  MIL 4: Preclude and Limit Testimony of Defense Witnesses

GRANTED IN PART AND DENIED IN PART. The government seeks to exclude the testimony of nine of the twelve witnesses on Korol's Witness List, ECF 51, and the government also moves to limit the testimony of all witnesses "to exclude extensive and narrative testimony" of certain topics. Gov't Mtn. in Limine, ECF 42 at 6–9. The government categorizes the nine witnesses as follows: (1) "Potential Percipient Witnesses"; (2) "Witnesses Present at ICE Facility"; and (3) "Witness Not Present." *Id.* As discussed on the record and as noted below when addressing the parties' witnesses, the parties will provide this Court an amended witness list based on this Court's resolution of this MIL.

The government contends that only five of Korol's potential witnesses "arguably saw some portion of the interaction between federal law enforcement and defendant, prior to defendant's arrest." Gov't Mtn. in Limine, ECF 42 at 7. As to Stewart Downey and Miles Thompson, two members of Korol's band, the government does not move to exclude these two witnesses. *Id.*

The government argues that there are five witnesses—Dani Cairns, Dean Boudoris, Kathryn Hutchinson, Marcus Martinez, and Sofia Westcott—"who were present at the ICE

facility during the incident at issue but did not witness any interactions between defendant and Officer Perez." *Id.* at 8. To the extent these witnesses will testify about the alleged assault at issue in this case, such testimony is relevant. Otherwise, the testimony from these witnesses is not relevant under Rule 401, or even if such testimony is "minimally relevant," the minimal relevance is substantially outweighed by "the risk of unfair prejudice, confusing the issues, and misleading the jury" under Rule 403. *Id.*

As to Dani Cairns, who is Korol's "partner and co-parent," Cairns will testify about "having plans for immediately after the protest." Def. Witness List, ECF 51 at 2. Korol argues that such testimony tends to show that she "did not have the intent to engage in violent or forceful conduct, nor to confront law enforcement, nor to get arrested." *Id.* at 2. Similarly, the government moves to exclude the testimony of Rhonda Korol, defendant Korol's mother, who will testify that "the family had plans for immediately after the October 12 protest," which is "logically inconsistent with any intent to engage in violent activity." Def. Witness List, ECF 51 at 5. As stated on the record, only one of the two witnesses may testify about Korol's plans for after the protest, but because such evidence is minimally relevant, any additional witness testimony on this issue would be unduly cumulative and confusing under Rule 401.

Lastly, the government moves to exclude "extensive and narrative testimony" about the following topics under Rule 403: "the band that defendant is a part of, national events, the witnesses' experience protesting outside the ICE facility in general, the protest on that particular day, and testimony unrelated to the moments immediately preceding the interaction between defendant and Officer Perez and the interaction between defendant and Officer Perez." Gov't Mtn. in Limine, ECF 42 at 8–9. Such testimony should be excluded under Rule 403 because any

PAGE 4 – ORDER RE PRETRIAL CONFERENCE RULINGS

minimal relevance of this testimony is substantially outweighed by a danger of unfair prejudice to the government.

### 5. MIL 5: Preclude Evidence Concerning the Government's Charging Decisions

GRANTED. The government requests that this Court "preclude evidence and argument about why the government did or did not charge the male arrestee involved in the initial encounter, or any other person present at the scene." Gov't Mtn. in Limine, ECF 42 at 9. Korol does not object. *Id.* at 10.

### 6. MIL 6: Exclude Post-Arrest Testimony

GRANTED. The government moves to exclude "evidence of narrative statements and irrelevant conduct occurring after defendant was arrested and the charged assault was complete, unless defendant first identifies a specific basis for admissibility." *Id.* Korol does not oppose the motion but "reserves the right to impeach or rebut the government's witnesses if the government's witnesses open the door to this subject matter in their direct testimony." *Id.*

### 7. MIL 7: Potential Exclusion of Extrinsic Evidence of Officer Misconduct

RESERVE RULING. The government "does not currently request that the Court make any pre-trial rulings on this issue," and "[t]he parties do not currently anticipate that defendant will offer extrinsic evidence of specific instances of alleged misconduct by any of the witnesses." *Id.* at 11.

### 8. MIL 8: Preclude References to Potential Punishment

GRANTED. The government moves to "preclude any reference to defendant's punishment" throughout the trial and requests that this court instruct "defense counsel, defendant, and all witnesses . . . not to mention any possible sentence or collateral consequence of conviction." *Id.* at 12. Korol "generally agrees with this motion except that defendant would

like to argue that Ms. Korol is facing a felony conviction." *Id.* Korol's objection lacks merit. Whether Korol faces a felony has no bearing on "[t]he jury's function . . . to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged." *Shannon v. United States*, 512 U.S. 573, 579 (1994); *see id.* ("Information regarding the consequences of a verdict is therefore irrelevant to the jury's task.").

9.  **MIL 9: Exclude Evidence or Argument Concerning Unrelated Acts of Other Protesters or Other Officers, Except for Brief and Necessary Context**

GRANTED. The government asks the Court to "preclude references to unrelated acts of other protesters or other officers unless defendant first demonstrates outside the present of the jury that the specific evidence is directly relevant to a material issue in dispute." Gov't Mtn. in Limine, ECF 42 at 13. To the extent any witnesses, including Korol, will testify about acts of other protesters and other officers that Korol witnessed prior to the alleged assault, such testimony is relevant and permissible. Otherwise, the testimony is not relevant under Rule 401, or even if such testimony is "minimally relevant," the minimal relevance is substantially outweighed by "the risk of unfair prejudice, confusing the issues, and misleading the jury" under Rule 403. *Id.*

10.  **MIL 10: Preclude Legal-Conclusion Testimony or Argument**

GRANTED. The government moves to preclude witnesses from "offering legal conclusions about whether the officers acted 'lawfully' or 'illegally,' whether the arrest was 'lawful,' whether force was 'excessive' in the legal sense, or whether defendant acted in 'self-defense.'" *Id.* Testimony about "legal conclusions" is "not helpful to a clear understanding of the testimony or a fact in issue." *Nationwide Transport Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1060 (9th Cir. 2008) (citation modified). Korol does not object to this MIL except to the extent

that it stops her from "being able to testify that she was defending her bodily integrity." Gov't

Mtn. in Limine, ECF 42 at 14. Such testimony does not fall within the scope of this MIL.

## B. Korol's MILs

The government does not object to Korol's three MILs. Korol Mtn. in Limine, ECF 50 at 2.

### 1. MIL 1: Preclude Legal Conclusions by Government Witnesses

DENIED. Korol moves to preclude "use of the terms 'assault' and 'victim' in trial

testimony by government witnesses on the ground that they are improper legal conclusions and

unfairly prejudicial." Korol Mtn. in Limine, ECF 50 at 2. This Court does not find that the terms

"assault" and "victim" are improper legal conclusions or unfairly prejudicial.

### 2. MIL 2: Preclude Government Use of Inflammatory Terminology

GRANTED. The government does not oppose Korol's motion to preclude trial testimony

and argument that uses "the terms 'riot,' 'rioters,' 'public disorder,' 'civil unrest,' or

'insurrection.'" *Id.*

### 3. MIL 3: Prohibit References to Unrelated Criminal Allegations

GRANTED. The government does not oppose Korol's motion to prohibit witness

"testimony concerning alleged crimes committed by protesters at the Portland ICE building (a)

away from the scene of defendant's arrest on October 12, 2025 or (b) on other dates and times."

*Id.*

## WITNESSES

## A. Government

The government identifies two witnesses that it may call at trial. Gov't Amended Witness

List, ECF 53. Korol does not object to either witness.

- **Jediah Duncan**, ICE Special Agent and former FPS officer (15–30 minutes)

PAGE 7 – ORDER RE PRETRIAL CONFERENCE RULINGS

- **Carlos Perez (Adult Victim 1)**, FPS officer (30–60 minutes)

### B. Korol

Korol identifies twelve witnesses that she may call at trial. Korol Witness List, ECF 51. As discussed during the pretrial conference, the parties will provide this Court a new joint witness list based on this Court's rulings on the government's MIL 4. This Court therefore ORDERS the parties to file an amended joint witness list by Tuesday, May 5, 2026.

## EXHIBITS

### A. Government's Exhibits

PRE-ADMITTED. The government seeks to introduce three stipulated exhibits, Exhibits 1–3. Joint Exhibit List, ECF 46 at 2. Exhibit 1 is a video of the incident and is the same video as Korol's Exhibit 105. *Id.* at 2 & n.2. Exhibits 2 and 3 are screenshot photos of Korol's kick and alleged bite taken from Exhibit 1. Exs. 2, 3.

### B. Defendant's Exhibits

PRE-ADMITTED IN PART AND EXCLUDED IN PART. Korol seeks to introduce twenty exhibits, six of which are videos of the incident and fourteen of which are screenshot photos taken from what appear to be video Exhibits 101 and 105. Joint Exhibit List, ECF 46 at 2–4. As discussed below in the miscellaneous issues section, photo Exhibits 108–112 are pre-admitted, and 114–120 are excluded. As to the government's objections to portions of video Exhibits 101–106, for the reasons stated on the record, the following portions of the video Exhibits are pre-admitted and excluded as follows.

As to Exhibits 101, 102, and 103, these Exhibits are pre-admitted in full. As to Exhibit 104, Korol withdrew this exhibit as stated on the record. As to Exhibit 105, the exhibit is pre-admitted from 0:00–1:15. The final 15 seconds, which show federal law enforcement officers on

PAGE 8 – ORDER RE PRETRIAL CONFERENCE RULINGS

the roof the ICE building, are excluded because that portion of the video is not relevant and it is unfairly prejudicial to the government. As to Exhibit 106, this Court agrees with Korol's argument at the pretrial conference that Korol's statements are admissible as excited utterances under Rule 803(2). However, as to the remainder of the video, the audio recording of statements not from Korol are inadmissible hearsay.

| Exhibit 101 | PRE-ADMIT: | 0:00–3:15 |
| Exhibit 102 | PRE-ADMIT: | 0:00–7:32 |
| Exhibit 103 | PRE-ADMIT: | 0:00–0:17 |
| Exhibit 104 | EXCLUDE | N/A |
| Exhibit 105 | PRE-ADMIT IN PART: | 0:00–1:15 |
| Exhibit 106 | PRE-ADMIT IN PART: | 0:00–1:00 |

**CONTESTED JURY INSTRUCTIONS**

As stated on the record, Korol does not object to this Court's proposed instructions resolving the parties' contested jury instructions for assault on a federal officer and self-defense. The government objects to the following sentence added to the Ninth Circuit model criminal jury instruction for self-defense: "To evaluate whether defendant's belief was reasonable, you must consider what a reasonable person aware of the circumstances then known to the defendant would have believed." But the government provides no legal objection to this instruction, and this Court adapts it from a comment to the self-defense model instruction: "A reasonable apprehension of immediate bodily harm is determined with reference to a reasonable person aware of the circumstances known to the victim, not with reference to all circumstances, including circumstances unknown to the victim." Ninth Circuit Model Criminal Jury Instruction 8.1 cmt.

PAGE 9 – ORDER RE PRETRIAL CONFERENCE RULINGS

This Court also provided the parties with the Ninth Circuit model civil jury instruction for excessive force in the Fourth Amendment context. This Court requested that the parties consider whether such an instruction would aid the jury in determining "unlawful force" in the self-defense context in this case. As requested by the parties, this Court ORDERS the parties to provide this Court with any comments to the newly proposed jury instruction based on the model excessive force instruction by Tuesday, May 5, 2026,

## VOIR DIRE

This Court provided the parties the Court's proposed voir dire questions based on the parties' contested voir dire questions. As stated on the record, Korol does not object to the Court's proposed voir dire questions. The government stated that it may request a revision, and this Court ORDERS the government to provide this Court its requested revision after conferring with Korol by Tuesday, May 5, 2026.

## VERDICT FORM

This Court ADOPTS the parties' jointly proposed verdict form. ECF 47.

## MISCELLANEOUS ISSUES

The parties raise two issues in their trial memoranda, which are not contained elsewhere in their motions in limine or contested jury instructions: (1) the government seeks to introduce non-hearsay statements by Officer Perez; and (2) Korol responds to the government's objections to her exhibits of screenshot photos under Federal Rules of Evidence 403 and 611(a).

### 1. Non-Hearsay Statements by Officer Perez

This Court will ALLOW Officer evidence of Perez's commands to defendant to get back" as non-hearsay statements. Gov't Gov't Trial Mem., ECF 43 at 5. These statements "are not offered for their truth," but rather "offered for the effect they have on the listener, *i.e.*,

PAGE 10 – ORDER RE PRETRIAL CONFERENCE RULINGS

defendant." *Id.* Thus, these statements are not hearsay under Federal Rule of Evidence 801(c). *See, e.g.*, *Baines v. Walgreen Co.*, 863 F.3d 656, 662 (7th Cir. 2017) ("A command is not hearsay because it is not an assertion of fact." (citation modified)). As stated on the record, Korol does not object to allowing this testimony from Officer Perez.

### 2. Screenshots from Videos of Alleged Assault

PRE-ADMITTED IN PART AND EXCLUDED IN PART. In the parties' Joint Exhibit List, ECF 46, the government objects to Korol's proposed Exhibits 108–112 and 114–120, which are screenshots taken from video Exhibits 101 and 105 of the alleged assault. The government objects on the grounds that these screenshots are "cumulative" under Federal Rule of Evidence 403 and "poor quality" under Federal Rule of Evidence 611(a). Joint Exhibit List, ECF 46 at 3–4. Korol argues that these screenshots are not cumulative because they "show a sequence of actions between officers and defendant." Def. Trial Mem., ECF 49 at 9.

As discussed during the pretrial conference, this Court excludes Exhibits 114–120 as unduly cumulative and minimally relevant under Rule 403. These exhibits are screenshots from video Exhibit 101 after the alleged assault occurred.

### CONCLUSION

For the reasons set forth on the record at the Pretrial Conferences and the reasons stated above, this Court GRANTS in part, DENIES in part, and RESERVES RULING in part on the parties' objections to exhibits, motions in limine, contested witness testimony, contested jury instructions, and contested voir dire.

This Court reminds the parties that at trial they must provide (i) courtesy copies of binders with properly tabbed exhibits for the Court and opposing counsel, and (ii) a binder of the "original" exhibits that will be shown to witnesses and go back to the jury during deliberations.

PAGE 11 – ORDER RE PRETRIAL CONFERENCE RULINGS

Impeachment and contingent exhibits should be provided to the Court in either (1) the same binders as the pre-admitted exhibits or (2) separate binders, whichever is easier for the parties.

During trial, all exhibits will be presented to the jury electronically, and the parties should practice working the equipment.

**IT IS SO ORDERED.**

DATED this 4th day of May, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 12 – ORDER RE PRETRIAL CONFERENCE RULINGS